UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN FANTEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-cv-10010-IT |
| | ) | |
| WARDEN, DONALD W. WYATT DETENTION FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

January 6, 2026

TALWANI, D.J.

John Fantel, now in custody at the Donald W. Wyatt Dentation Facility in Central Falls, Rhode Island, has filed a handwritten Petition for a Writ of Habeas Corpus in which he seeks immediate release. Dkt. No. 1. As best can be gleaned from the seven-page petition, Petitioner challenges criminal charges brought against him as well as an order for an examination to determine Petitioner's competency. Id. Petitioner states, among other things, that "[t]he magistrate from the USDC of RI is not a proper magistrate, all is utterly, void ab initio and is so declared by article III § 2 cl. 3 and the Sixth amendment of the constitution, to be void." Id. at 7.

A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Petitioner is a defendant in a criminal action pending in the United States District Court for the District of Rhode Island. United States v. Fantel, No. 25-cr-00067-MRD-AEM (D.R.I.).[1] Petitioner was ordered committed to the custody of the Attorney General under

---

[1] The court takes judicial notice of this action. See Wiener v. MIB Group, Inc., 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of

18 U.S.C. 4247(b) for placement in a suitable facility for conducting a psychiatric or psychological examination. United States v. Fantel, No. 25-cr-00067-MRD-AEM (D.R.I. Aug. 15, 2025) (Order for Examination Pursuant to 18 U.S.C. §§ 4241 and 4247).

The Petition has not been served pending the court's preliminary review of the document. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); see also Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[2]

The court lacks habeas jurisdiction over this action because Petitioner is not within the territorial jurisdiction of this court. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Thus, unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. As Petitioner is not in the District of Massachusetts and is challenging his physical confinement in the District of Rhode Island, this court is without jurisdiction over the present petition.

---

proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting Rodi v. S. New Eng. Sch. of L., 389 F.3d 5, 19 (1st Cir. 2004)).

[2] Rule 4 may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.

When a district court lacks jurisdiction over an action, it "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, it is not in the interest of justice to transfer this action because Petitioner has not set forth a cognizable claim that his custody is in violation of federal law.

For the forgoing reasons, the Petition for a Writ of Habeas Corpus [Dkt. No. 1] is DENIED and this action is DISMISSED.

SO ORDERED.

      /s/ Indira Talwani
UNITED STATES DISTRICT JUDGE

January 6, 2026